UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHANIE MATTHIESEN,<br><br>                Plaintiff,<br><br>   v.<br><br>AUTOZONE STORES, INC., a Nevada Corporation,<br><br>                Defendant. | NO:  2:15-CV-0080-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion for Remand (ECF No. 4). This matter was submitted for consideration without oral argument. The Court has reviewed the parties' briefing and the record and files herein, and is fully informed.

**BACKGROUND**

On February 11, 2015, Plaintiff Stephanie Matthiesen, a Washington resident, filed and served her Complaint in Chelan County Superior Court against

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 1

Defendant Autozone Stores, Inc.,[1] a Nevada corporation with its principal place of business in Tennessee. ECF No. 1-4 at 9-14. Plaintiff's Complaint alleges several state law claims, including gender discrimination under the Washington Law Against Discrimination ("WLAD") and emotional distress. *Id.* Defendant received a Summons and a copy of the complaint on March 6, 2015. ECF No. 1-4 at 16. On March 30, 2015, Defendant timely removed the case to this Court pursuant to 28 U.S.C. § 1332, which grants the district court original jurisdiction over matters between diverse citizens. ECF No. 1.

Plaintiff now moves to remand this case, agreeing to cap her claimed damages and attorney fees at $75,000 in order to defeat this Court's jurisdiction. ECF No. 4. Plaintiff's Complaint does not specify a particular amount of damages; rather, it demands only general relief for past and future lost wages and benefits, past and future special and general damages, and reasonable attorney's fees and costs. ECF No. 1-4 at 13. Defendant's Notice of Removal asserts that the amount in controversy, considering potential damages and attorney's fees, is well in excess of the jurisdictional requirement. ECF No. 1-4 at 13.

## DISCUSSION

---

[1] Defendant has explained that AutoZone Stores, Inc. is now known as "AutoZone Stores, LLC." ECF No. 2 at 1.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 2

A defendant may remove a case to federal court if the federal court would have subject-matter jurisdiction over one or more of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of citizenship). *See* 28 U.S.C. § 1441(a), (b). Under diversity jurisdiction, federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between diverse citizens. 28 U.S.C. § 1332(a).

Where the complaint is silent as to the amount demanded, the burden is on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). The amount in controversy includes the amount of damages in dispute, as well as reasonable attorney's fees, if mandated or allowed by statute or contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount in controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."). In determining the amount in controversy, the court may consider whether it is

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 3

"facially apparent" from the complaint that the demand exceeds $75,000. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer*, 116 F.3d at 377). "If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* (quoting *Singer*, 116 F.3d at 377).

"[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). Rather, a district court's removal jurisdiction is determined at the time of removal or commencement of the suit in federal court. *Freeport-McMoRan, Inc. v. K N. Energy, Inc.*, 498 U.S. 426, 428 (1991) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); *Poore v. Am.-Amicable Life Ins. Co.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction."), *overruled in part on other grounds as recognized by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007); *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) ("[D]iversity jurisdiction is determined at the time the action commences, and a federal court is not divested of

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 4

jurisdiction if a party subsequently moves to another state, or if the amount in controversy subsequently drops below the minimum jurisdictional level." (citations omitted)). If a plaintiff wishes to stipulate to an amount below the jurisdictional minimum, she must do so before the case is removed. *St. Paul* Mercury, 303 U.S. at 292 ("And though, as here, the plaintiff after removal, by stipulation, by affidavit or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) ("A plaintiff can defeat removal of a diversity case by irrevocably committing (before the case is removed) to accepting no more than $75,000 in damages, *Back Doctors Ltd. v. Metropolitan Property & Casualty Ins. Co.*, 637 F.3d 827, 830–31 (7th Cir. 2011), no matter how great her actual damages.").

Although the Supreme Court, in *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1350 (2013), appears to acknowledge, in dicta, that a plaintiff may obtain remand by stipulating to amounts that fall below the federal jurisdictional requirement, its assertion is not supported by the citations provided. First, although the *Knowles* Court quotes an excerpt from *St. Paul Mercury* to support its assertion, the full citation in *St. Paul Mercury* is as follows:

> We think this well established rule is supported by ample reason. If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 5

> be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election. If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

*St. Paul Mercury*, 303 U.S. at 294. Second, although the *Knowles* Court cites to the Wright, Miller, & Cooper Federal Practice and Procedure treatise for the assertion that a federal court can insist on a "binding affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount," the citations immediately following this statement affirmatively state that such a stipulation must precede removal. *See* 14AA Charles Alan Wright et al., Federal Practice and Procedure § 3702.1 (citing *Walton*, 643 F.3d at 998; *Back Doctors Ltd.*, 637 F.3d at 831). The treatise subsequently cites this same authority when acknowledging that "[s]ome courts have required that these affidavits or stipulations be executed *prior to the notice of removal* as a sign of their bona fides and cannot await the motion to remand." *Id.* Accordingly, this Court follows the well established practice, as announced in the Supreme Court's opinion in *St. Paul* and followed by this Circuit.

      Here, the Defendant has satisfied, by a preponderance of the evidence, that the amount in controversy satisfies the jurisdictional requirement for purposes of

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 6

removal.[2]  When Plaintiff was constructively discharged in June 2014, she earned an hourly rate of $12.50 and was a full-time employee, *see* ECF No. 1-3 at 2 (Declaration of Patrick Johnson, State Income Tax Manager for Defendant); thus, Plaintiff's annual salary was approximately $26,000.  ECF No. 1 at 5.  Assuming a trial date no earlier than June 2016, Plaintiff could potentially receive a back-pay claim of approximately $52,000 and a front-pay claim of approximately $26,000 per year.  ECF No. 1 at 5.  Adding these awards to potential emotional distress damages and reasonable attorney fees which a prevailing party is entitled under WLAD,[3] it is more likely than not that the amount in controversy exceeds $75,000.  Plaintiff's post-hoc attempt to cap her damages at $75,000 does not divest the Court of its diversity jurisdiction, which attached at the time of removal; rather,

---

[2] Diverse citizenship is not at issue here.  Plaintiff is a citizen of Washington; Defendant is organized under the laws of Nevada and maintains its principle place of business in Tennessee.  ECF No. 1 at 2-3.

[3] Pursuant to WLAD's fee-shifting provision,

> [a]ny person deeming . . . herself injured by any act in violation of this chapter *shall* have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy.

RCW 49.60.030(2) (emphasis added).

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 7

any attempt to stipulate to less than the jurisdictional amount must have preceded removal. Accordingly, Plaintiff's Motion (ECF No. 4) is **DENIED**.

**IT IS ORDERED:**

Plaintiff's Motion for Remand (ECF No. 4) is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** May 29, 2015.

THOMAS O. RICE
United States District Judge