UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHANIE MATTHIESEN,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONERS, LLC,<br><br>Defendant. | CASE NO.: 2:15-CV-0080-TOR<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Stipulated Motion for Entry of a Protective Order (ECF No. 17). The motion was submitted for consideration without oral argument. The Court has reviewed the motion and the file therein and is fully informed. Pursuant to the parties' agreement and for good cause shown, the motion is granted and the following protective order entered in this matter:

   1.   This Order shall be applicable to and govern all depositions, documents, information, or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken under the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Washington, and other information which the

PROTECTIVE ORDER ~ 1

1  producing party designates as "CONFIDENTIAL," hereinafter furnished, directly
2  or indirectly, by or on behalf of any party or any non-party in connection with this
3  action.
4      2.   The following information may be designated as "CONFIDENTIAL":
5  (i) proprietary business records such as payroll, financial, or other proprietary
6  business records; or (ii) employment, personnel, health and private information
7  about plaintiff, defendant, current and former employees of defendant, or third
8  parties, that are not available from any other source.
9      3.   Parties shall designate records as confidential information by labeling
10 them as "CONFIDENTIAL" prior to production.  Deposition or other pretrial or
11 trial testimony meeting the criteria specified in paragraph 2 above may be
12 designated "CONFIDENTIAL" by a statement on the record by counsel during
13 such deposition or other pretrial or trial proceeding that the entire transcript or a
14 portion thereof shall be designated as "CONFIDENTIAL."  Only those portions or
15 excerpts of a deposition consisting of confidential material shall be designated as
16 "CONFIDENTIAL."  Deposition or other pretrial testimony meeting the criteria
17 specified in paragraph 2 above also may be designated as "CONFIDENTIAL" by
18 stamping a "CONFIDENTIAL" legend on the transcript of such testimony and
19 service copies on the other parties within thirty (30) days after the transcript is
20

PROTECTIVE ORDER ~ 2

received by the designating party, regardless of whether any confidentiality designation was made on the record at the time the testimony was given.

4. A designation by a party of CONFIDENTIAL information shall be made in good faith.

5. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude subsequent challenge thereto. Failure to challenge the propriety of any CONFIDENTIAL designation shall not constitute an admission as to the propriety of that designation.

6. Counsel for such parties shall make a good faith effort to confer to resolve by agreement any differences as to the use or designation of information as CONFIDENTIAL INFORMATION prior to bringing the issue to the Court.

7. All documents and testimony designated as CONFIDENTIAL, and all information derived solely therefrom, if not available in any other source, shall be used solely for the purpose of preparing and litigating claims in this lawsuit and shall not be disclosed, published in any medium by any party, or disseminated except as provided for in Paragraph 8 below. Any use of documents and testimony designated as CONFIDENTIAL, and all information derived solely therefrom, that is inconsistent with the Order shall be a breach of its terms.

PROTECTIVE ORDER ~ 3

8. Except as may be otherwise agreed by the parties, or ordered by the Court, disclosure of documents and testimony designated as CONFIDENTIAL, and all information derived therefrom, shall be limited to:

    (a) A party, or an employee of a party;

    (b) Counsel for a party, or an employee of counsel for a party to whom it is necessary that the information be shown for purposes of preparing or litigating the Lawsuit, such as any paralegal assistants, or other support staff assisting counsel in the preparation of the Lawsuit;

    (c) An expert, consultant, or third party consulted or retained by a party or such party's counsel to assist in preparing or litigating the Lawsuit;

    (d) The Court and any Court staff;

    (e) A court reporter at deposition, hearing, or trial;

    (f) A witness, as well as the witness' counsel, if any, in the Lawsuit, at the deposition of such witness, or during the witness's trial testimony, or in preparation for their testimony and/or deposition, if the witness is an author or is copied on the document;

    (g) A third-party neutral retained by the parties to assist in resolution of the Lawsuit.

PROTECTIVE ORDER ~ 4

9. Each person described in Paragraph 8(c) or Paragraph 8(f), to whom the disclosure of documents and testimony designated as CONFIDENTIAL and all information derived therefrom is permitted pursuant to this Order, shall be provided with a copy of this Order, and shall agree in writing to be bound thereby prior to such disclosure by signing an acknowledgment in the form attached hereto as Exhibit A, or in any form substantially similar to Exhibit A.

10. Nothing in this Order shall preclude any party from using CONFIDENTIAL information during hearings, court proceedings, and/or motion practice if the party reasonably believes the CONFIDENTIAL material is necessary for the hearing, court proceeding, and/or motion practice.  In the event that a party intends to enter any CONFIDENTIAL information of another into evidence, other than at trial, the disclosing party shall either:  (a) provide the other party's counsel with the best practical notice of its intent to file such CONFIDENTIAL information and will provide reasonable opportunity for the other party to obtain an order requiring that such CONFIDENTIAL information be filed under seal pursuant to any applicable General Rules and/or Local Rules of the Court; or (b) file a stipulation and proposed order to seal or motion to seal the CONFIDENTIAL information pursuant to any applicable General Rules and/or Local Rules of the Court.  The stipulation or motion can either be filed before or concurrent with the document filed under seal.  Where reasonably practical, only

PROTECTIVE ORDER ~ 5


those portions of documents or pleadings consisting of CONFIDENTIAL information shall be filed or lodged under seal.

11.   It shall be a violation of this Order for any party to this case, or his or her counsel, to disclose CONFIDENTIAL information except as set forth in this Order.  Any summary exhibits derived from CONFIDENTIAL information that is not available from any other source shall also be governed by the terms of this Order.  Notwithstanding the preceding, nothing in this Order shall in any way limit or preclude either party from using any of the CONFIDENTIAL information that it has created or maintained for any of the business purposes for which it was created or maintained.

12.   Nothing in this Order shall bar, or otherwise restrict, any attorney in this matter from rendering advice to his or her client with respect to this litigation or doing anything reasonably necessary to prosecute or defend this litigation.

13.   Nothing in this Order shall be construed to prohibit a party from seeking an order compelling the production of CONFIDENTIAL information.

14.   Nothing in this Order shall preclude a party from pursuing a protective order or moving to seal any portion of the Court file at any time if such action is deemed necessary by either party in either party's sole discretion.

15.   This Order shall remain in force and effect until further order of this Court.

16. Insofar as the provisions of this Order restrict the use of CONFIDENTIAL information, this Order shall continue to be binding after the conclusion of this litigation.

17. When this action, including entry of judgment or appeal, concludes and within thirty (30) days after the litigation has been finally terminated, a producing party may request the return or destruction of all CONFIDENTIAL material produced in this litigation, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment or any documents that counsel for either party chooses to maintain as part of the client file for up to six years as required by the Rules of Professional Conduct. After the termination of this action, this Order shall continue to be binding upon the parties hereto, and all persons to whom CONFIDENTIAL material has been disclosed or communicated.

18. Any modification of this Order must be approved and signed by the Court. Nothing in this Order shall prohibit any party from seeking to modify any provision of this Order upon good cause shown. The Court may modify this Order on its own motion after notice to the parties and an opportunity to be heard.

19. This Order is without prejudice to any party's right to demand or oppose discovery on any grounds permitted by the Federal Rules of Civil

PROTECTIVE ORDER ~ 7

Procedure and is without prejudice to any other party's right to contest any such assertions.

Dated October 28, 2015.



THOMAS O. RICE
United States District Judge

# **EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

## **ACKNOWLEDGEMENT**

The undersigned, _____, in connection with the case of *Matthiesen v. Autozoners, LLC*, Case No. 2:15-CV-0080-TOR (United States District Court, Eastern District of Washington), hereby acknowledges that s/he received a copy of the Order in that action, has read the Order, understands it, and agrees to be bound by all the provisions thereof.

DATED this _____ day of _____, 20\_\_.

_____
Signature

_____
Print Name

_____
Nature of involvement in case

_____
Company name and address

_____
Telephone number